Submitted on record and briefs August 1, affirmed August 17, 1977

FELLING, *Petitioner,*
*v.*
MOTOR VEHICLES DIVISION, *Respondent.*
(CA 8231)
567 P2d 581

Lin A. Zimmerman, Portland, filed the brief for petitioner.

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Pursuant to a hearing before a hearing officer, petitioner's operator's license was suspended for failing to report an accident as required by ORS 483.606(1):

> "The driver of any vehicle involved in an accident resulting in injury or death to any person or damage to the property of any one person in excess of $200 shall, within 72 hours, forward a complete written report of such accident to the sheriff of the county, or to the chief of police of the city in which such accident occurs, or to such other agency as the Motor Vehicles Division may establish for the purpose of receiving such accident reports. Every sheriff, chief of police or other designated agency shall forward every report so filed, or a copy of the same, to the Motor Vehicles Division upon forms furnished by the division not later than seven days following the date of filing."

■ The sole evidence relied upon by the Motor Vehicles Division at the hearing was a written police report. Petitioner contends that the report was not competent evidence absent the presence as a witness at the hearing of the police officer who executed it. We disagree. ORS 183.450 provides in pertinent part:

> "(1) Irrelevant, immaterial or unduly repetitious evidence shall be excluded but erroneous rulings on evidence shall not preclude agency action on the record unless shown to have substantially prejudiced the rights of a party. All other evidence of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs shall be admissible. * * * Any part of the evidence may be received in written form."
>
> "* * * * *
>
> "(3) Every party shall have the right of cross-examination of witnesses who testify and shall have the right to submit rebuttal evidence * * *."

■ The admission of reports in administrative hearings does not, by their hearsay nature, constitute a denial of due process. *Richardson v. Perales,* 402 US 389, 28 L Ed 2d 842, 91 S Ct 1420 (1971). In this proceeding, as in *Richardson v. Perales, supra,* the

petitioner had available the power to request an agency subpoena if the presence of a witness was desired. ORS 183.440.

> "Although the claimant complains of the lack of opportunity to cross-examine the reporting physicians, he did not take advantage of the opportunity afforded him under 20 CFR § 404.926 to request subpoenas for the physicians. The five-day period specified by the regulation for the issuance of the subpoenas surely afforded no real obstacle to this, for he was notified that the documentary evidence on file was available for examination before the hearing and, further, a supplemental hearing could be requested * * *." 402 US at 404-05.

Furthermore, not only did petitioner, who was present with an attorney at the hearing, fail to request a subpoena or by any other means seek to have the police officer produced, she did not challenge the accuracy of the report or offer any evidence contrary to anything contained in it.

Affirmed.